Eric **RODRIGUEZ**, Martin Malave–Dilan, Howard T. Allen, Jeannette Santos, Donald J. Jirak, Richard Flateau, Charlotte A. Taylor, Mervyn A. Campbell, Sarah Brockus, Patricia McDow, Lisa Best, Victor Oluwole, Ruben Rangel, Iris Pellerano, Russell Ve-

lazquez, Guillermo Linares, Isabel Evangelista, Martha L. Pepin, Marisefa Reyes, Maria Urena, Tyrone Zimmerman, Jose Alvarado, Irvin McManus, Wayne Hall, Samuel Prioleau, William Rodriguez, Neville Mullings, Mary Adams, Eugene A. Burnett, Sr., Hazel Palmore, Johnny W. Velez, Judith Cruz Plaintiffs,

v.

George E. PATAKI, Governor of the State of New York, Mary O. Donohue, Lt. Governor and President of the Senate of the State of New York, Eliot Spitzer, Attorney General of the State of New York, Joseph L. Bruno, President Pro Tempore and Majority Leader of the Senate of the State of New York, Sheldon Silver, Speaker of the Assembly of the State of New York, Martin E. Connor, Minority Leader of the Senate of the State of New York, Charles Nesbitt, Minority Leader of the State of New York, and Carol Berman, Neil W. Kelleher, Helena M. Donohue and Evelyn J. Aquila, Commissioners of the New York State Board of Elections Defendants.

No. 02 CIV. 0618(RMB).

United States District Court, S.D. New York.

April 26, 2002.

Before: JOHN M. WALKER, JR., Chief Circuit Judge, JOHN G. KOELTL and RICHARD M. BERMAN, United States District Judges.

## ORDER APPOINTING SPECIAL MASTER

PER CURIAM

This action to reapportion the congressional districts of the State of New York requires the declination of new districts in the shortest time possible, and entails the inherent complexity and difficulty of dividing the state into districts that will reasonably reconcile the demands of the applicable law, including the Constitution and the Voting Rights Act, New York law, and all interested parties. Preparing a timely and suitable plan of congressional districts thus presents an exceptional condition that requires the appointment of a Special Master to assist the Court.

Accordingly, pursuant to Rule 53 of the Federal Rules of Civil Procedure, Frederick B. Lacey, Esq., is hereby appointed Special Master. Mr. Lacey is Senior Counsel at LeBoeuf, Lamb, Greene & MacRae, 125 W. 55 Street, New York, N.Y. 10019, 212–424–8000.

1. The Special Master shall be empowered and charged with the duty to prepare and recommend to the Court a report, including a proposed redistricting plan for adoption by this Court for the State of New York, dividing the state into 29 congressional districts in accordance with the 2000 federal census and applicable law.

2. In developing the plan, the Special Master shall adhere to and, where possible, reconcile the following guidelines:

(a) Districts shall be of substantially equal population, compact, and contiguous.

(b) The plan shall comply with 42 U.S.C. § 1973(b) and with all other applicable provisions of the Voting Rights Act.

3. The Court is acutely aware of the pressing need for having a redistricting plan in place as soon as possible. At a conference held on this matter on April 22, 2002, this Court was advised by several interested parties, including officials from the city and state boards of elections, that the "eleventh hour" is upon us, if indeed it has not already passed. It is therefore necessary for this Court to prepare for the possibility that this Court will be required to adopt an appropriate redistricting plan. Accordingly, the Court requests the Special Master to submit his plan for redistricting to the Court on May 10, 2002, or as soon thereafter as he is able to complete a plan that meets the requirements of the law and of this order.

4. The Special Master is hereby authorized to retain appropriate assistants and experts, as may be reasonably necessary for him to accomplish his task within the time constraints imposed by this order.

5. The New York State Legislative Task Force on Demographic Research and Reapportionment is respectfully directed to provide to the Special Master immediate and unrestricted access to its computer facilities and programs for use in developing the plan, and to cooperate with the Special Master and his staff by providing to him access, support and staffing on a confidential basis, together with any additional assistance that will facilitate and expedite the work of the Special Master.

6. In performing his work, the Special Master shall consider any proposals, plans and comments already submitted by all parties and intervenors in these actions. In addition, he may invite additional submissions, take testimony, hold hearings, and take whatever steps as may reasonably assist him to develop the plan contemplated by this order. The Special Master may recommend an entirely new plan, or may incorporate all or parts of any other proposed plans submitted by the parties and intervenors, including without limitation any plan(s) submitted to or developed by the Honorable Herman Cahn in the related New York Supreme Court case, *Allen v. Pataki*, 02–101712.

7. All reasonable costs and expenses of the Special Master, including reasonable compensation to the Special Master, his law firm, and any expert advisers and assistants he may retain, shall, subject to approval by this Court, be paid by the State of New York.

At a date and time to be determined by this Court after the Special Master's report, including the redistricting plan, is filed with the Clerk of the Southern District of New York, this Court shall meet at the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York, to hear argument with respect to the plan recommended by the Special Master. All comments shall be filed with the Clerk of the Court at least 24 hours in advance of the hearing, with a courtesy copy delivered by overnight mail to the chambers of Chief Judge Walker, 157 Church Street, New Haven, Connecticut 06510. Copies should also be delivered to the chambers of Judge Koetl at 500 Pearl Street and to the chambers of Judge Berman at 40 Centre Street.

SO ORDERED.